# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Pamela J. Roche, | Case No.: 2:18-cv-01588-JAD-DJA |
| Plaintiff | |
| v. | **Order Granting in Part and Denying in Part Motion to Dismiss** |
| Barclays Bank Delaware and Experian Information Solutions, Inc., | [ECF No. 13] |
| Defendants | |

Pamela J. Roche alleges that credit reporting agency (CRA) Experian Information Solutions, Inc. violated the Fair Credit Reporting Act (FCRA)[1] when it failed to reasonably investigate her dispute about two accounts that had been discharged in bankruptcy, reinserted information about one of the accounts that it had previously deleted from her credit file, and reported inaccurate information about both accounts. Roche's single claim for relief implicates three separate provisions of the FCRA: § 1681e(b)'s mandate that CRA's use reasonable procedures to ensure accuracy of reporting, § 1681i(a)'s requirement that CRAs reinvestigate the accuracy of information upon a consumer's dispute, and §1681i(a)'s procedures that CRAs must follow when reinserting information into a consumer's credit file.

Experian moves to dismiss Roche's claim on several grounds and with prejudice.[2] Roche's claim is deficiently pled and legally wrong in part, but I am not satisfied that she cannot state a plausible claim under the FCRA. So, I grant Experian's motion in part: dismissing one theory with prejudice and dismissing the others without prejudice and with leave to amend.

---

[1] 15 U.S.C. §§ 1681–1681x.
[2] ECF No. 16.

**Legal standard**

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[3] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[4] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[5] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[6]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. The court must first accept as true all well-pled factual allegations, recognizing that legal conclusions are not entitled to the assumption of truth.[7] Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[8] The court must then consider whether the well-pled factual allegations state a plausible claim for relief.[9] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[10] A

---

[3] FED. R. CIV. P. 8(a)(2).
[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[6] *Twombly*, 550 U.S. at 562 (quotation omitted).
[7] *Iqbal*, 556 U.S. at 678–79.
[8] *Id.*
[9] *Id.* at 679.
[10] *Id.*

complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[11]

## Discussion

To sustain a claim under either § 1681e or § 1681i, "a consumer must first make a prima facie showing of inaccurate reporting by the CRA."[12] Information is inaccurate for purposes of these statutes if it is either "patently incorrect or is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions."[13] "Patently incorrect" means, "at the very least, information that is inaccurate on its face . . . ."[14]

Roche alleges that the reporting of delinquencies like "written off," "charged off," and "past due" for her accounts with Barclays Bank Delaware and Boulder Damn Credit Union[15] is inaccurate because these debts were discharged in her husband's Chapter 7 bankruptcy case.[16] While an effect of Roche's husband's bankruptcy discharge is that these creditors can collect against only against Roche's separate property,[17] Roche's personal liability for these debts wasn't discharged in her husband's bankruptcy case.[18] Roche hasn't alleged other facts to show

---

[11] *Twombly*, 550 U.S. at 570.

[12] *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (quotations omitted).

[13] *Id.* (quotation omitted).

[14] *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012) (quotation omitted).

[15] Roche doesn't allege the full name of the "Boulder" creditor in her operative pleading. I assume, based on Roche's original complaint, that she's referring to Boulder Dam Credit Union. *See* ECF No. 1 at ¶ 3. Roche must address this deficiency with her amended pleading.

[16] ECF No. 13 at ¶¶ 40, 62.

[17] *See In re Kimmel*, 378 B.R. 630, 635–38 (B.A.P. 9th Cir. 2007). Roche alleges that these were community debts. ECF No. 13 at ¶ 29. Roche doesn't allege that she was a debtor in her husband's bankruptcy case or any other bankruptcy case.

[18] *See in re Kimmel*, 378 B.R. at 635–38.

3

that she isn't personally liable for these debts.  Because it is based on an incorrect understanding of the law, Roche's theory that this reporting is inaccurate is dismissed with prejudice.

Roche also alleges that the reporting of multiple charge-off notations is misleading because a debt can only be charged off once,[19] but she doesn't allege any facts to support her conclusion, i.e., to show that it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.  Roche's allegations that the reporting doesn't conform to industry standards, and thus is misleading, suffers from the same infirmity.[20]  More fundamentally, I cannot discern from Roche's complaint what she contends industry standards say should have been reported for these accounts.  But I am not yet persuaded that amendment would be futile as to these theories of inaccuracy, so I grant the motion to dismiss without prejudice and with leave to amend if Roche can plead true facts to satisfy the *Iqbal-Twombly* plausibility standard for either theory.  Roche should consider separating her various theories of liability into separate claims for relief.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Experian's motion to dismiss **[ECF No. 16] is GRANTED in part.**  Roche's allegation that the reporting of delinquencies is misleading because these debts were discharged in her husband's bankruptcy case is DISMISSED with prejudice.  Roche's allegation that it's misleading to report multiple charge-off notations is DISMISSED without prejudice and with leave to amend.  Roche's allegation that it's misleading to report inconsistent with industry guidelines is DISMISSED without prejudice and with leave to amend.  The motion is **DENIED** in all other respects.

---

[19] ECF No. 13 at ¶¶ 50, 69.

[20] *Id.* at ¶¶ 31–36.

IT IS FURTHER ORDERED that Roche must file her amended complaint to cure the deficiencies identified in this order **by October 15, 2019.**

_____
U.S. District Judge Jennifer A. Dorsey
September 30, 2019